Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Goodrick, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Cavalry Portfolio Services, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**NATURE OF ACTION**

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and/or where Defendant transacts business in this district.

Complaint - 1

## PARTIES

4. Plaintiff, Jeremy Goodrick ("Plaintiff"), is a natural person who at all relevant times resided in the State of Wyoming, County of Washakie, and City of Worland.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default (the "Debt"), Defendant sent Plaintiff initial written communication dated February 6, 2012, regarding a Wells Fargo Bank account ending in 0689. *See* Correspondence, attached hereto as Exhibit "A."

12. In its February 6, 2012 initial written communication, Defendant stated in relevant part:

> "Re: Original Institution:   TD Auto Finance, LLC / Chrysler Financial
> Original Account No.:   ******9849
> Cavalry Account No.:   ****2296
> Outstanding Balance:   $8,397.41"

13. In its February 6, 2012 initial written communication, Defendant failed to inform Plaintiff whether the Debt relating to the TD Auto Finance, LLC account was subject to the accrual of interest and/or other fees or charges on the date the notice was sent.

14. In connection with the collection of the same Debt, Defendant sent Plaintiff written communication dated May 7, 2012, and in such communication, stated in relevant part: *See* Correspondence, attached hereto as Exhibit "B."

> "Re: Original Institution:   TD Auto Finance, LLC / Chrysler Financial
> Original Account No.:   ******9849
> Cavalry Account No.:   ****2296
> Outstanding Balance:   $8,608.27"

15. Defendant's May 7, 2012 communication indicates that interest, or other fees or charges had accrued, as evidenced by the increase in the amount due from "$8,397.41" to "$8,608.27."

16. Thus, Defendant's February 6, 2012 initial written communication would be misleading to the "least sophisticated consumer," who could readily conclude that the total account balance stated as due was due at any time, when in fact it was not, and was subject to adjustment on a periodic basis.

17. Plaintiff's right to dispute the debt, or any portion of thereof, provided by section 1692g is prejudiced by Defendant's failure to inform Plaintiff that the debt consisted of interest or other charges, where such additional charges are only disclosed after the thirty-day dispute period.

18. Defendant's omission of material information, in its February 6, 2012 initial written communication, would deceive or mislead the least sophisticated consumer as to the character and amount of the debt.

19. Defendant's February 6, 2012 initial written communication failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

20. Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged debt to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of August, 2012

By: s/Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff