**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeremy Goodrick, | No. CIV 12-1822 PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Cavalry Portfolio Services LLC, | |
| Defendant. | |

Plaintiff Jeremy Goodrick filed a motion for summary judgment against Defendant Cavalry Portfolio Services LLC ("Cavalry"). Doc. 19. Defendant filed a cross motion for summary judgment. Doc. 31. The motions are fully briefed. Docs. 20, 29, 30, 31, 33, 34, 38. For the reasons that follow, the Court will deny summary judgment to Plaintiff and grant summary judgment to Defendant.[1]

**I.     Background.**

In 2003, Jeremy Goodrick obtained a loan from TD Auto Finance, LLC/Chrysler Financial ("TD/Chrysler") to purchase a 2001 Chevy Malibu. Doc. 20, ¶¶ 2-3. The loan accrued interest at a rate of 20% per annum. Doc. 29-2 at 7:14-20. In 2012, Defendant Cavalry purchased the loan from TD/Chrysler. On February 6, 2012, Defendant mailed Plaintiff an initial demand letter stating that it had purchased the loan from TD Auto Finance LLC and that the outstanding balance on Plaintiff's account was $8,397.41.

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Doc. 1, ¶ 12; *see* Doc. 20-2 at 3.  The letter did not state that the outstanding balance was subject to increase due to the accrual of interest.  On May 7, 2012, Defendant mailed Plaintiff a second demand letter.  Doc. 1, ¶ 14.  This one stated a new total amount due of $8,608.27, which Plaintiff alleges indicated that interest or fees and other charges had accrued.  *Id.*, ¶¶ 14, 15.  Plaintiff filed a complaint on August 29, 2013, alleging that Defendant's failure to advise him of interest accrual in its February 6, 2012 letter is a violation of the Fair Debt Collection Practices Act ("FDCPA") at sections 1692g(a)(1), 1692e(2)(A), and 1692e(10).  *Id.*, ¶¶ 16-19; 21-26.

## II.   Legal Standard.

### A.   Summary Judgment.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When considering a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c).  At summary judgment, the judge's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

### A.     The FDCPA.

The FDCPA was enacted to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Whether a debt collector's behavior violates the FDCPA "depends on whether it is likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Terran v Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997). "The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Id.*, at 1431-32 (citation omitted). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012) (citations omitted). The FDCPA is a remedial statute which should be interpreted "liberally" to "protect debtors from abusive debt collection practices." *Id.* at 1025 (9th Cir. 2012).

## II.     Discussion.

The parties agree that there are no genuine issues of material fact, and each party claims to be entitled to judgment as a matter of law.

### A.     Plaintiff's Claim under 15 U.S.C. § 1692g(a)(1).

Section 1692g(a)(1) of the FDCPA provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing the amount of the debt." 15 U.S.C. § 1692g(a)(1). Plaintiff argues that "the amount of the debt" should include a statement advising the debtor that his outstanding balance is subject to accrual of interest. In the absence of such a statement, Plaintiff argues that the collector has not satisfied the requirements of 1692g(a)(1). Doc. 19 at 6-11; 14.

Plaintiff cites to cases of varying relevance from the Seventh Circuit and an assortment of district courts. *Id.* at 6-11. One consistent feature of these cases is that the

loan was new to the debtor.  In each case, the debtor was receiving notice of a newly incurred financial obligation, making a clear statement of the terms of the loan very important.

In Plaintiff's case, the loan had been outstanding for nine years.  Plaintiff had received statements during this time, and even the most unsophisticated debtor in his position would have known that the loan was accruing interest.  Nothing about the loan had changed except the administrator – the terms were the same, the interest rate was the same, and the outstanding balance at the time of assignment was the same.  Confusion caused by a purported misrepresentation is measured by an objective standard, and even the most unsophisticated debtor would not have been confused by Defendant's failure to say that Plaintiff's longstanding loan was continuing to accrue interest.

Plaintiff argues that he knew his original lender, TD Auto Finance, LLC, charged interest on his loan, but he did not know that Defendant Cavalry would do so.  Doc. 33 at 2-6.  Plaintiff puts forth several reasons why he could have concluded that Cavalry would not charge interest, including that the assignee of a loan may not acquire all the loan rights or may waive its right to collect interest.  *Id.*  Defendant argues, and the Court agrees, that the mere possibility of an atypical situation is not enough to create confusion in the mind of the least sophisticated debtor.  Plaintiff cannot claim that he assumed something highly unusual was at work and was misled because Defendant failed to disabuse him of that idea.  Courts have rejected fanciful arguments made on behalf of debtors to challenge collections under the FDCPA.  *See, e.g.*, *White v. Goodman*, 200 F.3d 1015, 1020 (7th Cir. 200) (rejecting argument that a collection letter was deceptive because it listed rights conferred by the state of Colorado and therefore inaccurately implied that residents of other states did not have similar rights: "The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it.  The Act protects the unsophisticated debtor, but not the irrational one.") (citing cases); *c.f. Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011) (holding debt collector liable under the FDCPA where the debtor's

interpretation that its demand letter contained an implied threat was not "bizarre or idiosyncratic."). Here, Defendant provided the full amount due as required by the statute. This amount included interest already accrued, and even unsophisticated debtors would understand that interest would continue to accrue.

### B.    Plaintiff's Claims under 15 U.S.C. § 1692e.

Section 1692e of the FDCPA prohibits any false representation of the "character, amount, or legal status of any debt," including but not limited to "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C § 1692e(2)(A), 15 U.S.C § 1692e(10). Plaintiff argues that Defendant violated this section because the failure of its collection letters to say that interest and other charges would continue to accrue would "frustrate a consumer's ability to intelligently choose his or her response." Doc. 19 at 12 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

Plaintiff cites a number of cases in support of the position that a failure to notify a debtor that interest will accrue on the loan is a violation of § 1692e. Doc. 19 at 6-13. Plaintiff asks the Court to consider a Seventh Circuit opinion, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 875-76 (7th Cir. 2000), as persuasive because that opinion notes that a collector should state "the total amount due – interest and other charges as well as principal – on the date the dunning letter was sent." *Id.* The plaintiff in *Miller* received a statement containing only the unpaid principal and stating that the amount provided did not include accrued unpaid interest and other fees authorized by the loan agreement. *Id.* at 875. Thus, if the debtor paid only the outstanding balance shown in the letter without inquiring further about the interest and other charges that had accrued, the collector would not have considered the debt satisfied. *Id.*

*Miller* differs from this case in a crucial respect: here, there was no risk of confusion as to the total outstanding balance due because Defendant included the total amount due on the date the collection letters were sent. Unlike *Miller*, Plaintiff could

have paid the debt in full simply by tendering the amount listed on the most recent letter. While Defendant's letters could have included additional clarifying language to itemize the principal and the interest portions of the debt or to reiterate the interest rate, the Court does not believe that the lack of those details can be considered false, deceptive, or misleading.  The statute does not require itemization of the debt in every communication, but rather a clear and accurate statement of the total amount due.  Plaintiff received that information.

Even if the Court were to find that the lack of specificity in this case could mislead a debtor as to what portion of his total debt was principal and what portion was interest and other fees, the Court does not agree, as Plaintiff argues, that this would "frustrate a consumer's ability to intelligently choose his or her response."  *Donohue*, 592 F.3d at 1034.  *Donohue* considered whether a collector had violated § 1692e when its demand for payment stated the correct total due but mislabeled some charges as "interest" when they included finance charges.  *Id.*  The Ninth Circuit concluded that the technical falsehood regarding the additional charges was not material and therefore not actionable under § 1692e because "it did not undermine Donohue's ability to intelligently choose her action concerning her debt."  *Id.*  Her actions, the court reasoned, could have included challenging the debt or settling it by paying in full.  *Id.*  Plaintiff had the same options here.  If erroneously reporting additional charges is not sufficient to trigger a § 1692e violation when the statement of total debt is correct, then failing to itemize principal, interest, and other charges does not trigger § 1692e liability when the statement of the total debt is correct.

Plaintiff argues for the first time in his opposition to Defendant's cross motion for summary judgment that he called Cavalry after getting each of its two demand letters because he was confused about the basis for the debt.  Doc. 33 at 8.  Plaintiff states that Cavalry promised to send him verification of the amount due but never did.  *Id.*  This violation is not alleged in the complaint.  The sole claim in Plaintiff's complaint is that the letters Plaintiff received from Defendant – in particular, the February 6, 2012 letter –

violated the FDCPA for failing to state that the outstanding balance of the loan was subject to increase due to accrual of interest. Defendant provided an accurate statement of the amount due in both demand letters, as required by the FDCPA, and the Court therefore finds for Defendant on this claim.

**III.    Conclusion.**

Plaintiff has failed to show as a matter of law that Defendant's communications in its debt collections letters violated sections 1692g(a)(1), 1692e(2)(A), and 1692e(10) of the FDCPA, as alleged in the complaint,  The Court will deny summary judgment to Plaintiff and grant summary judgment to Defendant.

**IT IS ORDERED:**

1.    Plaintiff Jeremy Goodrick's motion for summary judgment (Doc. 19) is **denied**.

2.    Defendant Cavalry Portfolio Services, LLC's cross motion for summary judgment (Doc. 31) is **granted**.

3.    The Clerk of the Court is directed to **terminate** this action.

Dated this 19th day of August, 2013.

David G. Campbell
United States District Judge